**KWOK WAI TSANG, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 06–1825–ag.

United States Court of Appeals, Second Circuit.

March 7, 2007.

**52**

Wendy Tso, New York, NY, for Petitioner.

Brett A. Tolman, United States Attorney, Amy J. Oliver, Assistant United States Attorney, District of Utah, Salt Lake City, UT, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Kwok Wai Tsang, a native and citizen of the People's Republic of China, seeks review of a March 24, 2006 order of the BIA denying his motion to reopen his immigration proceedings. *In re Kwok Wai Tsang*, No. A95 452 478 (B.I.A. Mar. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) *(per curiam)*. An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks omitted).

To the extent that the BIA denied Tsang's motion as untimely it did so in error as Tsang asserted changed country conditions as the basis of his motion. 8 C.F.R. § 1003.2(c)(2),(3)(ii). However, a remand based on this error would be futile, as the BIA properly concluded that the evidence submitted by Tsang did not support reopening his immigration proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006) ("[A]n error does not require a remand if the remand would be pointless because it

is clear that the agency would adhere to its prior decision in the absence of error.").

■ The new evidence of changed country conditions in China submitted by Tsang consisted of two news articles downloaded from the internet, both of which report that some prisoners in China have been tortured for their religious and political beliefs. Nothing in the two news articles, however, relates specifically to individuals in Tsang's position—individuals who left China illegally and were then returned to China. As we have explained, "country conditions documents [that] indicate that some prisoners in China have been tortured" are insufficient to establish a *prima facie* case for relief under the CAT when a petitioner has not "established that someone in his particular alleged circumstances is more likely than not to be tortured if imprisoned in China." *Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003) (internal emphasis omitted). Therefore, the BIA properly denied Tsang's motion on the basis that he had failed to present evidence of "meaningfully changed circumstances [in China] . . . affecting [him] since the hearing took place."

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of deportation is DISMISSED as moot.